IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| **LETICIA BRETZ,** | 13-CR-010 |
| | 15-CV-142 |
| **V.** | |
| **UNITED STATES OF AMERICA,** | |

### GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

In response to Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 filed on September 8, 2015, the United States would show the Court the following:

### PROCEDURAL BACKGROUND

On April 18, 2013, Petitioner plead guilty with an agreement to conspiracy to possess with intent to distribute, distribute, and manufacture fifty (50) grams or more of actual methamphetamine. As part of that agreement, the Government withdrew two of the alleged prior convictions from the properly filed *Notice of Enhanced Penalty* motion thus taking Petitioner from a **minimum mandatory term of life in prison** to a **minimum mandatory term of imprisonment of twenty years** upon conviction.

On July 11, 2013, the Hon. Robert Junell sentenced Petitioner to a term of 292 months.

Petitioner was represented throughout her plea by attorney William Doonan and at sentencing by attorney J. W. Johnson.

Petitioner appealed her conviction and was represent on appeal by attorney Alexander L. Calhoun. On June 6, 2014 the Fifth Circuit Court of Appeals dismissed Petitioner's appeal as frivolous after counsel appropriately filed an *Anders* brief.

On February 2, 2015 Petitioner filed a Pro Se Motion to Reduce Sentence which was granted by Senior U.S. District Judge Robert Junell reducing her sentence to 240 months—the

statutory minimum mandatory term of imprisonment required.

## PETITIONER'S CLAIMS

In Petitioner's Motion to Vacate she states "virtually no stage of the proceedings was conducted without some form of attorney error." *Doc. 251 at Pg. 15* This bold assertion flies directly in the face of the record and the proceedings. Specifically, Petitioner asserts that her initial trial counsel William Doonan, who represented her through her rearraignment hearing:

1. Failed to communicate with Petitioner,

2. Failed to conduct independent investigation,

3. Failed to file any pretrial motions.

Petitioner next claims that her retained counsel who represented her at her sentencing hearing, J.W. Johnson was ineffective because he:

1. Failed to object to the PSR's calculations,

2. Failed to submit any mitigating evidence,

3. Failed to argue for a greater downward departure,

4. Failed to object to Petitioner's sentence being substantively unreasonable.

None of Petitioner's allegations warrant relief from the conviction or sentence entered by this Court. "To prevail on an ineffective assistance of counsel claim a defendant must show 'both that: (1) trial counsel's performance was deficient and (2) that the deficient performance prejudiced the defense.'" *United States v. Hayes*, 532 F.3d 349, 353 (5th Cir. 2008) (quoting *United States v. Mullins*, 315 F.3d 449, 453 (5th Cir. 2002)); *see also Strickland v. Washington*, 466 U.S. 668, 687-94 (1984). "It is insufficient for a defendant merely to prove that counsel's conduct was deficient; a defendant must have also been prejudiced by this ineffective legal assistance." *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002). Unless the defendant

establishes both deficient performance and prejudice, the claim fails. *Id.*

"The first prong is only satisfied where the defendant shows that 'counsel's representation fell below an objective standard of reasonableness.'" *Strickland*, 466 U.S. at 687. To establish deficient performance, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Turner v. Quarterman*, 481 F.3d 292, 298 (5th Cir. 2007). "There is a strong presumption that counsel's performance falls within the 'wide range of professional assistance.'" *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). "[T]he defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Id.* (*citing Strickland*, 466 U.S. at 688-689). The Fifth Circuit has explained that "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Martin v. Dretke*, 404 F.3d 878, 885 (5th Cir. 2005) (*quoting United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002)). "Given the almost infinite variety of possible trial techniques and tactics available to counsel," the Fifth Circuit has stated that it "will not second guess legitimate strategic choices." *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993).

"[S]crutiny of counsel's performance must be highly deferential." *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995), *citing Strickland*, 466 U.S. at 689. In explaining the "highly deferential" scrutiny to be afforded to the performance of counsel, the Supreme Court in *Strickland* stated:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's

>perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "*might be considered sound trial strategy*." There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Strickland*, 466 U.S. at 689 (emphasis added). The *Strickland* Court further explained that "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct." *Id.* at 690.

The Fifth Circuit "has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *see also United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) (citing *Miller*). In *United States v. Medrano*, 22 F.3d 1095, *2 (5th Cir. 1994), a habeas petitioner made similar ineffective assistance claims, but failed to explain them in even rough detail. The Fifth Circuit explained: "Medrano makes only conclusory allegations concerning counsel's alleged failure to research the law and to make proper objections to the presentence report. He does not indicate what particular research counsel should have performed, what specific objections counsel should have made, or how he was prejudiced by any of these alleged errors. Thus, this claim must fail." *Id*.

The Fifth Circuit has explained that "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Martin v. Dretke*, 404 F.3d 878, 885 (5th Cir. 2005) (*quoting United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002)). "Given the almost infinite variety of possible trial techniques and tactics available to counsel," the

Fifth Circuit has stated that it "will not second guess legitimate strategic choices." *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993).

Here, Petitioner faced a severe penalty based upon her lengthy criminal history, which includes multiple felony drug convictions. In fact the Government filed a *Notice of Enhanced Penalty* informing Petitioner that she faced a **mandatory life sentence** if she was convicted of the offense charged. Additionally, the lengthy criminal history that included controlled substance offenses, combined with the fact that the instant offense was a controlled substance, opened Petitioner to being deemed a career offender. Indeed, she was well aware at her plea hearing that she could receive life imprisonment *even though she was pleading guilty*. For example, on the second page of his plea agreement, it sets forth the fact that the maximum prison sentence she could receive on Count One would be life. Petitioner was aware that pleading guilty to Count One subjected her to that high of a penalty as evidenced by her signature to the plea agreement. Additionally, Petitioner was aware that her trial counsel Mr. Doonan had negotiated for the Government to withdraw two of their alleged enhancements making the minimum mandatory term of imprisonment twenty years instead of life.

Observing the possibility that she could receive life imprisonment even though she plead guilty, it is inexplicable how Petitioner can now claim that she received constitutionally ineffective assistance of counsel from Mr. Doonan when he reduced her sentencing exposure from **MANDATORY life**. Thus, her attorney allegedly leading her to believe that going to trial would result in that punishment can hardly be characterized as falling below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687.

Moreover, even if such vague allegations could satisfy the first prong of *Strickland*, there is nothing to suggest that Petitioner suffered any prejudice, i.e., the second prong of *Strickland*. In

5

fact, Petitioner received a significantly decreased sentence by virtue of the fact that she received acceptance of responsibility points, and the United States filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1.  Specifically, if Petitioner had gone to trial and been found guilty, she would not have received a § 5K1.1 letter from the United States, thereby resulting in a higher offense level. In addition, she would not have received a three-point reduction for acceptance of responsibility.  Thus, Petitioner's claims regarding her sentencing attorney are completely frivolous.  As Petitioner herself states, she withdrew her objections to the PSR calculations yet Senior U.S. District Judge Robert Junell informed her that he would have overruled them anyway. Petitioner can not point to any advice given to her by either her appointed counsel or retained counsel that was objectively unreasonable given her potential Guidelines range, and she certainly suffered no prejudice given the fact that she received a significantly decreased sentence of 292 months that was ultimately reduced to 240 months.

Therefore, this Court should find that both Petitioner's trial counsels' conduct did not fall below an objective standard of reasonableness, and thus Petitioner's claims for relief fail on the first prong. *See Strickland*, 466 U.S. at 687 ("The first prong is only satisfied where the defendant shows that 'counsel's representation fell below an objective standard of reasonableness.'")

WHEREFORE, PREMISES CONSIDERED, the United States respectfully submits that all things are regular in this conviction and sentence, and urges the Court to deny Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C.§ 2255.

          Respectfully submitted,
          RICHARD L. DURBIN, JR.
          UNITED STATES ATTORNEY


By: /s/ Brandi Young
    BRANDI YOUNG
    Assistant United States Attorney
    Bar No. 24045988
    400 W. Illinois, Suite 1200
    Midland, Texas 79701
    432-686-4110
    432-686-4131 FAX


**Certificate of Service**

 I hereby certify that a true and correct copy of the foregoing will be mailed on January 20, 2016 to Petitioner:

LETICIA BRETZ
Leticia Bretz
Reg. #92027-080
FCI Aliceville
P.O. Box 4000
Aliceville, AL 35442
PRO SE

          /s/ Brandi Young
          BRANDI YOUNG
          Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND-ODESSA DIVISION

| | |
|---|---|
| **LETICIA BRETZ,** | **15-CR-010** |
| | **15-CV-142** |
| **V.** | |
| **UNITED STATES OF AMERICA,** | |

## ORDER

ON THIS DATE came on to be considered the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by LETICIA BRETZ in the above-numbered and styled cause, and the Court after considering same is of the opinion that said motion should be DENIED.

IT IS, THEREFORE, ORDERED that the Motion to Vacate, Set Aside, or Correct Sentence by LETICIA BRETZ be and is hereby DENIED with prejudice.

SIGNED and ENTERED this the _____ day of _____, 2016.

_____
ROBERT JUNELL
Senior United States District Judge